# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

BRITTANY PERROUX,                    )
                Plaintiff,          )
    v.                               )
                              )  Civil Action No.:    1:24-cv-107
EQUIFAX INFORMATION SERVICES LLC,    )
EXPERIAN INFORMATION SOLUTIONS,      )
INC., and TRANS UNION LLC.           )
                          )
                Defendants.          )

## VERIFIED COMPLAINT

BRITTANY PERROUX f/k/a Brittany Harris ("Plaintiff") brings this action against defendants EQUIFAX INFORMATION SERVICES LLC ("Equifax"), EXPERIAN INFORMATION SOLUTINS, INC. ("Experian") and TRANS UNION LLC ("Trans Union") (collectively the "Defendants") as follows:

## PRELIMINARY STATEMENT

1.    Twenty-three million people are victims of identity theft each year.[1] Plaintiff is a victim of Identity theft.

2.    In 2022, Plaintiff first learned that her identity was stolen. Someone fraudulently used Plaintiff's identity to lease an apartment in 2020. Plaintiff did not learn about the stolen identity until a collection showed up on her credit reports. Plaintiff quickly filed a police report and worked hard to remove the fraudulent collection. But as Plaintiff worked to remove that fraudulent collection from her account additional fraudulent accounts showed up on her credit reports. Plaintiff

---

[1] Victims of Identity Theft, 2018, 1. U.S. Dept. of Justice, Bureau of Justice Statistics. April 2021, NCJ 256085.

would not learn of the fraudulent activity until an account was reported to her credit reports. Plaintiff froze her credit reports. But, still, fraudulent accounts would show up on her credit reports as Plaintiff's credit was inappropriately pulled long before the credit freeze was put in place. In all, at least 14 fraudulent accounts showed up on Plaintiff's credit reports in addition to false names and false addresses. Through Plaintiff's hard work, many of the accounts are gone, but not all of them. These fraudulent accounts are causing damage to Plaintiff.

3.      Plaintiff brings this action against Defendants for damages resulting from their violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

4.      "Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681 (a)(1). "Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681 (a)(3). "There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right of privacy." 15 U.S.C. § 1681 (a)(4).

5.      Consumer reporting agencies are to "[]adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to

the confidentiality, accuracy, relevancy, and proper utilization of such information …" 15 U.S.C. § 1681 (b).

6.      Defendants' have failed their grave responsibilities of fairness, impartiality, and a respect for Plaintiff's right of privacy, which failures are causing damage to Plaintiff.

## JURISDICTION & VENUE

7.      Jurisdiction is proper under 28 U.S.C. § 1331, ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), 28 U.S.C. § 1337 ("The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce…") and 15 U.S.C. §1681p ("FCRA").

8.      Venue is proper in this judicial district because Defendants engaged in the complained of acts in this district. 28 U.S.C. § 1391(b) ("A civil action may be brought in— (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, …"). A substantial part of the acts and omissions giving rise to the claims occurred within this judicial district.

## PARTIES

9.      Plaintiff is a natural person who resided in Travis County, Texas during a substantial part of the events giving rise to her claims.

10.      Plaintiff is also a consumer as defined by the FCRA, 15 U.S.C. §1681a(c): "an individual."

11.     Equifax is a corporation with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309. Equifax's registered agent is Corporation Service Company, 211 E. 7th Street, Suite 620 Austin, TX 78707.

12.     Equifax is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

13.     Experian is a corporation with its principal place of business located in Costa Mesa, California. Experian's registered agent is C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

14.     Experian is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

15.     Trans Union is a corporation with its principal place of business located in Chicago, Illinois. Trans Union's registered agent is The Prentice-Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

16.     Trans Union is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

17.     All Defendants regularly conduct business in Texas.

## FACTS

**A.    Identity theft issues.**

18.    Plaintiff is unsure how her identity was stolen.

19.    Plaintiff has taken many steps to combat the false reporting that has resulted from the theft of her identity, including the below police reports and Identity Theft Reports:

- May 31, 2022: Submitted a Federal Trade Commission ("FTC") Identity Theft Report regarding a "Mag and May" account with a balance of $9,481.00;

- May 31, 2022: Filed a report with the Johnson City Police Department after meeting with a Lieutenant in person;

- July 15, 2022: Put fraud alerts on her Equifax, Experian, and Trans Union credit reports;

- July 15, 2022: Put a security freeze on her Equifax, Experian, and Trans Union credit reports.

- July 21, 2022: Submitted another FTC Identity Theft Report regarding four new fraudulent accounts that Plaintiff discovered on her credit reports;

- September 14, 2022: Received information from the Johnson City Police Department about one of the fraudulent apartment lease applications;

- March 20, 2023: Filed a report with the Granbury Police Department about 5 more fraudulent accounts that appeared on Plaintiff's credit reports;

**B.    Unreasonable investigations.**

  **i.    July 2022 disputes to Equifax, Experian, and Trans Union.**

20.    On July 22, 2022, Plaintiff sent a dispute letter—via certified mail—to Equifax that the following three collection accounts are the result of her identity

being stolen and should be removed from her credit file: National Credit Systems, Act 4774*** with an original creditor of Woodford Ridge; Rent Debt, Act RD114***, with an original creditor of Trinity Oaks; and an unnamed collection, Act 88178***, with an original creditor of Laurel Heights. Plaintiff included the Johnson City Police report with this dispute letter to Equifax.

21.    Equifax received Plaintiff's dispute letter on July 26, 2022 via the USPS, tracking: 9407-1118-9956-1791-6111-85.

22.    On July 22, 2022, Plaintiff sent a dispute letter—via certified mail—to Experian that the following collection account is the result of her identity being stolen and should be removed from her credit file: Rent Debt, Act RD114***, with an original creditor of Trinity Oaks. Plaintiff included the Johnson City Police report with this dispute letter to Experian.

23.    Experian received Plaintiff's dispute letter on July 26, 2022 via the USPS, tracking: 9407-1118-9956-1791-6072-63.

24.    On July 22, 2022, Plaintiff sent a dispute letter—via certified mail—to Trans Union that the following two collection accounts are the result of her identity being stolen and should be removed from her credit file: National Credit Systems, Act 4774*** with an original creditor of Woodford Ridge; and Rent Debt, Act RD114***, with an original creditor of Trinity Oaks. Plaintiff included the Johnson City Police report with this dispute letter to Trans Union.

25.    Trans Union received Plaintiff's dispute letter on July 26, 2022 via the USPS, tracking: 9407-1118-9956-1791-9905-18.

26.     Plaintiff did not receive a response from Equifax, Experian, or Trans Union.

27.     On September 9, 2022, Plaintiff accessed her credit reports and discovered: Equifax failed to remove the National Credit Systems, Act 4774*** with an original creditor of Woodford Ridge collection from her Equifax credit report.

28.     Additionally, Plaintiff discovered numerous new collection accounts and other erroneous information on her Equifax, Experian, and Trans Union credit reports. As a result, Plaintiff sent additional dispute letters to Defendants.

### ii.    September 2022 disputes to Equifax, Experian, and Trans Union.

29.     On September 22, 2022, Plaintiff sent a dispute letter—via certified mail—to Equifax that the following five accounts are the result of her identity being stolen and should be removed from her credit file: Uplift Inc., Act 4071***; Pro Collect, Inc., Act 43110001257***, with an original creditor of Jefferson Gallery House; Pro Collect, Inc., Act 47744***, with an original creditor of Woodford Ridge; RD/BP/SUMMI, Act 75253***, and TXU Energy, Act 900047591284***. Plaintiff included the Johnson City Police report with this dispute letter to Equifax as well as an FTC Identity Theft Report.

30.     Plaintiff additionally disputed two hard inquiries made, CAP1/Neimn on December 19, 2021, and SYNCB on October 23, 2021 as she did not authorize those credit inquiries.

31.     Finally, Plaintiff disputed the address of 6504 Arbor Lane, Fort Worth, Texas 76132 as Plaintiff never lived there.

32.    Equifax received Plaintiff's dispute letter on October 7, 2022 via the USPS, tracking: 9407-1118-9876-5817-2636-98.

33.    On September 22, 2022, Plaintiff sent a dispute letter—via certified mail—to Experian that the following two collection accounts are the result of her identity being stolen and should be removed from her credit file: ACIMA DIGITAL FKA SIMP, Act 88448***; and Pro Collect Inc., Act 43110001257***, original creditor was Jefferson Gallery Houe Apartments. Plaintiff included the Johnson City Police report with this dispute letter to Experian as well as an FTC Identity Theft Report.

34.    Plaintiff additionally disputed two hard inquiries made, FADV/Resident Data on March 1, 2022, and FADV/Resident Data on January 21, 2022 as she did not authorize those credit inquiries.

35.    Finally, Plaintiff disputed the address of 1028 Cheddar Court, Arlington TX 76017-6338 as Plaintiff never lived there.

36.    Experian received Plaintiff's dispute letter on September 28, 2022 via the USPS, tracking: 9407-1118-9876-5814-5246-93.

37.    On September 22, 2022, Plaintiff sent a dispute letter—via certified mail—to Trans Union that the following three accounts are the result of her identity being stolen and should be removed from her credit file: Rent Recovery, Act 72722*** with an original creditor of 09 Arbors on Oakmont; RD/BP/SUMMI, Act 75253***, and TXU Energy, Act. 900047591284***. Plaintiff included the Johnson City Police report with this dispute letter to Trans Union as well as an FTC Identity Theft Report.

38.     Trans Union received Plaintiff's dispute letter on September 25, 2022 via the USPS, tracking: 9407-1118-9876-5814-5200-15.

39.     Plaintiff additionally disputed one hard inquiry made, SYNCB/AT HOM on December 26, 2020 as she did not authorize that credit inquiry.

40.     Finally, Plaintiff disputed the address of 5001 23 White Settlement Road, Fort Worth, TX 76114 as Plaintiff never lived there.

41.     Plaintiff received a response dated October 7, 2022 from Trans Union.

42.     Plaintiff did not receive a response from Equifax or Experian.

43.     On December 20, 2022, Plaintiff accessed her credit reports and discovered the fraudulent Uplift account still remained on Plaintiff's Equifax credit report as well as the SYCB credit inquiry from October 23, 2021. The wrong address of 1028 Cheddar Court, Arlington, Texas still remained on Plaintiff's Trans Union credit report. Additionally, there were many new fraudulent accounts reporting on her Equifax, Experian, and Trans Union credit reports.

### iii.     April 2023 disputes to Equifax, Experian, and Trans Union.

44.     On April 11, 2023, Plaintiff sent a dispute letter—via certified mail—to Equifax that the following 14 accounts are the result of her identity being stolen and should be removed from her credit file:

- Uplift Inc, Act 4071***
- RNT DEBT, Act RD119***
- Natlcrsys, Act 49980***
- IQ DATA INT, Act IQD0PNE9881***
- Nat Cred Aud, Act D4603***
- Rent Recovery, Act 421***
- Genesis Crdt, Act PRS0GS1745000412***
- HWARFIELID, Act 89531***

- HWARFIELD, Act 90216***
- Pro Collect, Act 14709001260***
- Pro Collect, Act 43104001261***
- Pro Collect, Act 42053001263***
- RentRecoverySolutions, Act 72722***
- Collection from a Charter Communications; Act 3238***

45.    Additionally, Plaintiff disputed that there were two residential addresses that did not belong to her: 5601 Bellaire Drive S Apt 621, Benbrook TX; and 8405 Medlock Drive, Apt 216, Fort Worth TX.

46.    Plaintiff included the Johnson City Police report with this dispute letter to Equifax as well as an FTC Identity Theft Report and a second police report with the Granbury Police Department.

47.    Equifax received Plaintiff's dispute letter on April 21, 2023 via the USPS, tracking: 9407-1118-9876-5425-4778-69.

48.    On April 11, 2023, Plaintiff sent a dispute letter—via certified mail—to Experian that the following 13 accounts are the result of her identity being stolen and should be removed from her credit file:

- RNT DEBT, Act RD119***
- Natlcrsys, Act 49980***
- IQ DATA INT, Act IQ0PNE9881***
- Nat Cred Aud, Act D4603***
- Rent Recovery, Act 421***
- CentralPortF; Act TAR2***
- Genesis Crdt, Act PRS0GS1745000412***
- HWARFIELID, Act 89531***
- HWARFIELD, Act 90216***
- Pro Collect, Act 14709001260***
- Pro Collect, Act 43104001261***
- Pro Collect, Act 42053001263***
- RentRecoverySolutions, Act 72722***

49.     Additionally, Plaintiff disputed that there was one residential addresses that did not belong to her: 1028 Cheddar Court, Arlington, TX.

50.     Plaintiff included the Johnson City Police report with this dispute letter to Experian as well as an FTC Identity Theft Report and a second police report with the Granbury Police Department.

51.     Experian received Plaintiff's dispute letter on April 14, 2023 via the USPS, tracking: 9407-1118-9876-5425-4779-68.

52.     On April 11, 2023, Plaintiff sent a dispute letter—via certified mail—to Trans Union that the following 13 accounts are the result of her identity being stolen and should be removed from her credit file:

- RNT DEBT, Act RD119***
- Natlcrsys, Act 49980***
- IQ DATA INT, Act IQD0PNE9881***
- Nat Cred Aud, Act D4603***
- Rent Recovery, Act 421***
- CentralPortF; Act TAR2***
- Genesis Crdt, Act PRS0GS1745000412***
- HWARFIELID, Act 89531***
- HWARFIELD, Act 90216***
- Pro Collect, Act 14709001260***
- Pro Collect, Act 43104001261***
- Pro Collect, Act 42053001263***
- PrinceParker, Act 101005***

53.     Plaintiff included the Johnson City Police report with this dispute letter to Trans Union as well as an FTC Identity Theft Report and a second police report with the Granbury Police Department.

54.     The tracking number for Plaintiff's Trans Union dispute letter showed uncertainty on whether it was delivered. As a result, Plaintiff mailed another,

identical, dispute letter to Trans Union on April 25, 2023 via USPS certified mail; tracking 9407-1118-9876-5429-0575-86. That letter was delivered to Trans Union on April 28, 2023.

55.    Plaintiff received a response from Equifax dated April 30, 2023 in which Equifax asked Plaintiff for proof of her identification and proof of her current address. Both items, however, were already included in Plaintiff's letter to Equifax.

56.    Plaintiff received a response from Trans Union dated May 1, 2023 in which Trans Union stated it had received an "Identity theft block request" and that Plaintiff's request was made in error, is a misrepresentation of material facts, or Plaintiff obtained possession of goods, services or money as a result of the transaction.

57.    Plaintiff received another response from Trans Union dated May 24, 2023 in which Trans Union deleted 7 of the accounts per Plaintiff's request. But verified as accurate 6 of the fraudulent accounts as belonging to Plaintiff (Genesis Credit Management; IQ Data International Inc, National credit Audit Corp., and all 3 Pro Collection accounts were verified, erroneously, as accurate).

58.    Plaintiff did not receive a response from Experian.

**iv.    June 2023 disputes to Equifax, Experian, and Trans Union.**

59.    On June 13, 2023, Plaintiff sent a dispute letter—via certified mail—to Equifax that the following 6 accounts are the result of her identity being stolen and should be removed from her credit file:

- RentRecovery, Act 7311545***
- IQ DATA INT, Act IQD0PNE9881***
- Pro Collect, Act 420530012634847***
- AMP The Grid AP, Act 2212360000443461***
- Sequium Asset Solution, Act 49849312***

- Nat Cred Aut, Act D460362N1***

60.    Plaintiff included the Johnson City Police report with this dispute letter to Equifax as well as an FTC Identity Theft Report and a second police report with the Granbury Police Department.

61.    Equifax received Plaintiff's dispute letter on June 22, 2023 via the USPS, tracking: 9207-1902-3589-0900-0021-7467-76.

62.    On June 13, 2023, Plaintiff sent a dispute letter—via certified mail—to Experian that the following 10 accounts are the result of her identity being stolen and should be removed from her credit file:

- RentRecovery, Act 7311545***
- Genesis Credit, Act PRS0GS1745***
- Genesis Credit, Act DLOGMRR***
- Sentry Credit, Act DLO62395***
- Nat Cred Aud, Act D460362N1***
- Sequium Asset Solution, Act 49849312***
- Pro Collect, Act 4205300***
- IQ Data Int, Act IQD0PNE959***
- Pro Collect, Act 147090012***
- Pro Collect, Act 431040012***

63.    Plaintiff included the Johnson City Police report with this dispute letter to Experian as well as an FTC Identity Theft Report and a second police report with the Granbury Police Department.

64.    Experian received Plaintiff's dispute letter on June 20, 2023 via the USPS, tracking: 9207-1902-3589-0900-0021-7467-52.

65.    On June 13, 2023, Plaintiff sent a dispute letter—via certified mail—to Trans Union that the following 9 accounts are the result of her identity being stolen

and should be removed from her credit file:

- IQ Data INT, Act IQD0PNE95***
- Pro Collect, Act 1470900***
- Pro Collect, Act 4205300***
- Nat Cred Aud, Act D460362N1***
- Pro Collect, Act 4310400***
- Sentry Credt, Act DLO62395***
- Genesis Credit, Act oGMRR0010***
- RentRecovery, Act 7311545***
- Genesis Credit, Act S0GS1745***

66.    Plaintiff included the Johnson City Police report with this dispute letter to Trans Union as well as an FTC Identity Theft Report and a second police report with the Granbury Police Department.

67.    Trans Union received Plaintiff's dispute letter on June 21, 2023 via USPS certified mail; tracking 9207-1902-2589-0900-0021-7467-69.

68.    Plaintiff did not receive a response from Equifax, Experian, or Trans Union.

**v.    Fraudulent accounts are still on Plaintiff's credit reports.**

69.    Plaintiff accessed her credit reports on January 28, 2024 and there are still many fraudulent accounts on her credit file.

70.    Equifax is still reporting 10 fraudulent collections, many of which are new.

71.    Experian is still reporting 9 fraudulent collections, many of which are new.

72.    Trans Union is still reporting 10 fraudulent collections, many of which are new.

**C.    Defendants' actions have damaged Plaintiff.**

73.    Equifax has failed to properly investigate and remove at least 10 fraudulent accounts from Plaintiff's credit file in a timely manner. Equifax also recently inserted a previously deleted fraudulent collection.

74.    Experian has failed to properly investigate and remove at least 8 fraudulent accounts from Plaintiff's credit file in a timely manner.

75.    Trans Union has failed to properly investigate and remove at least 7 fraudulent accounts from Plaintiff's credit file in a timely manner.

76.    The Defendants' actions have damaged Plaintiff financially. In addition, Defendants' actions have caused Plaintiff to suffer damage to her reputation, loss of financial independence, loss of self-esteem, emotional distress, embarrassment, frustration, anguish, humiliation, anxiety, and interference with usual activities.

77.    As a direct result of the fraudulent collections contained in Plaintiff's credit reports, Plaintiff was twice denied a home loan after years of saving and advancing in her career.

78.    Defendants' actions have also violated Plaintiff's privacy as they have published these errors to third parties many times over the last 2 years.

79.    Plaintiff has suffered damages proximately caused by the conduct of Defendants, including:

      i.    Emotional distress, damage to reputation, humiliation, guilt, stress, anxiety, frustration, mental pain, anguish, distress, and loss of focus and production;

      ii.    Time and expense of pulling/reviewing credit reports and meeting with professionals about how to best proceed;

iii.     Believing that the erroneous accounts may continue to be reported inaccurately and misleadingly through no fault of Plaintiff's and have a chilling effect on ability to obtain credit;

iv.     Adverse information on credit reports and a negative impact to credit rating;

v.     An inability to improve credit scores during the dispute process;

vi.     An inability to qualify for financing;

vii.     Invasion of privacy;

viii.     A lower credit score; and

ix.     Having to hire attorneys to combat the improper credit reporting.

## COUNT I

### Equifax – FCRA §§ 1681e(b) and 1681i

80.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

81.     A "consumer reporting agency" is defined by the FCRA as follows:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

*See* 15 U.S.C. § 1681a(f).

82.     Equifax is a consumer reporting agency as defined by Section 1681a(f) of the FCRA.

83.     Equifax violated 15 U.S.C. § 1681e(b) by its conduct, acts, and omissions in failing to establish or to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff in the preparation and publication of Plaintiff's consumer reports.

84.    Equifax violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions, including, but not limited to, the following:

    a.  failing to (i) conduct a reasonable reinvestigation of Plaintiff's disputes concerning all items of information that Plaintiff disputed, and (ii) record the correct statuses of the disputed information or delete the disputed information from Plaintiff's credit file, in violation of § 1681i(a)(1);

    b.  failing to delete the erroneous items from Plaintiff's credit file within the 30-day period of receiving Plaintiff's disputes, in violation of § 1681i(a)(1);

    c.  failing to provide Plaintiff's disputes to the companies that provided the information to Equifax within 5 business days, in violation of § 1681i(a)(2);

    d.  failing to review and consider all relevant information submitted by Plaintiff concerning Plaintiff's disputes, in violation of § 1681i(a)(4); and

    e.  failing to properly delete items of disputed information from Plaintiff's credit file that Equifax could not have verified upon a lawful reinvestigation in violation of § 1681i(a)(5).

85.    These violations of §§ 1681e(b) and 1681i were willful, rendering Equifax liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

86.    In the alternative, Equifax's violations of §§ 1681e(b) and 1681i were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

## COUNT II

### Experian – FCRA §§ 1681e(b) and 1681i

87.    Plaintiff incorporates the paragraphs prior to Count I as though fully set forth herein.

88.    A "consumer reporting agency" is defined by the FCRA as follows:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

*See* 15 U.S.C. § 1681a(f).

89.    Experian is a consumer reporting agency as defined by Section 1681a(f) of the FCRA.

90.    Experian violated 15 U.S.C. § 1681e(b) by its conduct, acts, and omissions in failing to establish or to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff in the preparation and publication of Plaintiff's consumer reports.

91.    Experian violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions, including, but not limited to, the following:

a.    failing to (i) conduct a reasonable reinvestigation of Plaintiff's disputes concerning all items of information that Plaintiff disputed, and (ii) record the correct statuses of the disputed information or delete the disputed information from Plaintiff's credit file, in violation of § 1681i(a)(1);

b.    failing to delete the erroneous items from Plaintiff's credit file within the 30-day period of receiving Plaintiff's disputes, in violation of § 1681i(a)(1);

    c.   failing to provide Plaintiff's disputes to the companies that provided the information to Equifax within 5 business days, in violation of § 1681i(a)(2);

    d.   failing to review and consider all relevant information submitted by Plaintiff concerning Plaintiff's disputes, in violation of § 1681i(a)(4); and

    e.   failing to properly delete items of disputed information from Plaintiff's credit file that Equifax could not have verified upon a lawful reinvestigation in violation of § 1681i(a)(5).

92.   These violations of §§ 1681e(b) and 1681i were willful, rendering Experian liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

93.   In the alternative, Experian's violations of §§ 1681e(b) and 1681i were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

## COUNT III

### Trans Union - FCRA §§ 1681e(b) and 1681i

94.   Plaintiff incorporates the paragraphs prior to Count I as though fully set forth herein.

95.   A "consumer reporting agency" is defined by the FCRA as follows:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

*See* 15 U.S.C. § 1681a(f).

96.    Trans Union is a consumer reporting agency as defined by Section 1681a(f) of the FCRA.

97.    Trans Union violated 15 U.S.C. § 1681e(b) by its conduct, acts, and omissions in failing to establish or to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff in the preparation and publication of Plaintiff's consumer reports.

98.    Trans Union violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions, including, but not limited to, the following:

    a.  failing to (i) conduct a reasonable reinvestigation of Plaintiff's disputes concerning all items of information that Plaintiff disputed, and (ii) record the correct statuses of the disputed information or delete the disputed information from Plaintiff's credit file, in violation of § 1681i(a)(1);

    b.  failing to delete the erroneous items from Plaintiff's credit file within the 30-day period of receiving Plaintiff's disputes, in violation of § 1681i(a)(1);

    c.  failing to provide Plaintiff's disputes to the companies that provided the information to Equifax within 5 business days, in violation of § 1681i(a)(2);

    d.  failing to review and consider all relevant information submitted by Plaintiff concerning Plaintiff's disputes, in violation of § 1681i(a)(4); and

    e.  failing to properly delete items of disputed information from Plaintiff's credit file that Equifax could not have verified upon a lawful reinvestigation in violation of § 1681i(a)(5).

99.    These violations of §§ 1681e(b) and 1681i were willful, rendering Trans Union liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

100.    In the alternative, Trans Union's violations of §§ 1681e(b) and 1681i were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

WHEREFORE, Plaintiff requests that this Honorable Court:

a.    Enter judgment in his favor and jointly and severally against Defendants;
b.    Appropriate statutory penalties for each violation of the FCRA;
c.    Actual damages;
d.    Punitive damages;
e.    Reasonable attorney's fees and the costs of this litigation;
f.    Pre-judgment and post-judgment interest at the legal rate;
g.    Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's tradelines; and
h.    Such other relief as the Court deems equitable, just, and proper.

## JURY

**Plaintiff demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.**

Dated: January 29, 2024                    Respectfully submitted,


                                    By:  /s/ James M. Smith


James M. Smith (6285183)          Tod A. Lewis (Texas Bar #24091999)
Doherty Smith, LLC                Tod Lewis Law, PLLC
9501 W. 144th Place, Suite 101    5900 Balcones Drive #17239
Orland Park, IL 60462             Austin, TX 78731
Phone: 866.825.6787               512-739-0390 (cell)
Fax: 312.319.4084                 1-737-205-1291 (facsimile)
JSmith@dohertysmith.com           Tod@texasfaircredit.com

                                  Attorneys for Plaintiff

## **VERIFICATION**

Plaintiff Brittany Perroux declares as follows:

1.     I am the Plaintiff in this Verified Complaint.

2.     I reside in Texas.

3.     I have personal knowledge of myself and my activities, including those set forth in this Verified Complaint. If called to testify, I could and would testify competently and truthfully as to the matters stated in this Verified Complaint.

4.     I verify and affirm under penalty of perjury under the laws of the United States of America and the State of Texas that the factual averments in this Verified Complaint concerning myself and my activities are true and correct pursuant to 28 U.S.C. § 1746.


Executed on:___1/29/2024_____


ID Tv5kUxsx7epbVPtfV1cJpG1e

/s/ Brittany Perroux, Plaintiff

22

## eSignature Details

| | |
|---|---|
| **Signer ID:** | **Tv5kUxsx7epbVPtfV1cJpG1e** |
| Signed by: | Brittany Perroux |
| Sent to email: | bharris@natera.com |
| IP Address: | 172.59.197.29 |
| Signed at: | Jan 29 2024, 2:05 pm CST |